# In re: BRIDGESTONE/FIRESTONE, INC. TIRES PRODUCTS LIABILITY LITIGATION

## Sofia de Manez Lopez et al., Plaintiffs,

### v.

## Ford Motor Company et al., Defendants.

### Nos. IP 00–9374–C B/S, IP 03–590–C–B/S MDL No. 1373.

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 18, 2006.

---

Kevin Dubose, Alexander Dubose Jones & Townsend, Houston, TX, Roger H. Reed, Reed Carrera & McLain LLP, Edinburg, TX, Gordon E. Tabor, Tabor Law Firm, Indianapolis, IN, Robert B. Waltman, Waltman & Grisham, College Station, TX, for plaintiff.

Evan N. Kramer, Thompson Coe Cousins & Irons LLP, Houston, TX, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for defendant (Ford).

Mark Merkle, Krieg Devault LLP, Indianapolis, IN, Knox D. Nunnally, Phillip B. Dye, Jr., and Jennifer H. Davidow, Vinson & Elkins, Houston, TX, for defendant (Bridgestone).

### ENTRY IMPOSING SANCTIONS AND ORDERING ENTRY OF FINAL JUDGMENT

BARKER, District Judge.

This entry addresses two motions: Defendants' Request for Ruling on Motion for Sanctions [Master Docket No. 3637] and Defendants' Motion for Entry of Judgment[1] [Master Docket No. 3630].

As we explained in our November 14, 2006, Entry Regarding Defendant's Motion for Sanctions, we construed the Seventh Circuit's remand order narrowly to reflect our view that the Court of Appeals was the primary victim of Plaintiff's lawyers' fraud on the Court and that the decision as to how, if at all, to vindicate that court's authority by the imposition of sanctions should be left to the appellate tribunal. However, as "Defendants' Request for Ruling on Motions for Sanctions" filed December 6, 2006, points out, the Seventh Circuit does not currently have jurisdiction to decide the Defendant's Motion for Sanctions because there is no

1. In response Plaintiff filed, "Plaintiff's Response to Defendants' Motion for Entry of Judgment, or in the Alternative, Motion to Alter or Amend Judgment" on December 14, 2006. [Master Docket No. 3645.]

pending proceeding in that forum. Def.'s Request at 2. Further, the authority to impose sanctions for improper attorney conduct in this court derives from statute,[2] the terms of which make clear that, if this court was also a victim of plaintiffs' conduct by the vexatious and unreasonable conduct of counsel in expanding and extending the litigation of the remanded issues by more than a year, sanctions are appropriately imposed here as well. For these reasons, we shall amend our November 14, 2006, Entry Regarding Defendant's Motion for Sanctions, as follows:

As stated in our prior entry, the indifference to the truth and the lack of diligence by Plaintiff's U.S. lawyers, specifically, Roger Reed and Alberto Guerrero,[3] in monitoring and/or curtailing the actions of their Mexican co-counsel not only multiplied the litigation costs incurred by Defendants by requiring them to conduct extensive additional discovery and motions practice in response to the order on remand, including having to ferret out the evidence of fraud through their own independent investigations, but also required additional in-court proceedings and evidentiary hearings, all of which delayed a final resolution of these issues more than a year. Had the U.S. lawyers carefully instructed and closely supervised and forthrightly followed up on the actions of their Mexican attorney counterparts, by investigating the obviously suspicious circumstances surrounding the Morelos court proceedings following their receipt of the questionable email communications, it is likely that this remand from the Seventh Circuit would never have been necessary.

Therefore, pursuant to 28 U.S.C. § 1927, we hereby impose as a sanction against Plaintiff's U.S. lawyers (Messrs. Reed and Guerrero) an order to pay over forthwith the amount of fifty thousand dollars ($50,000.00) to Defendants as an offset against the expenses Defendants were obligated to incur in investigating the Morelos proceedings and in responding to the remanded matters from the Seventh Circuit Court of Appeals. The fifty thousand dollar payment shall be divided among the Defendants in whatever fashion they deem appropriate taking into account the relative roles of each in shouldering responsibility for litigating these issues.

Further, Dr. Leonel Pereznieto, the apparent mastermind behind these frauds on the U.S. and Mexican courts, is ordered to pay over, as a personal sanction, the amount of one hundred thousand dollars ($100,000.00). Fifty thousand dollars ($50,000.00) of that amount is payable to Defendants as an additional offset against the expenses they incurred in investigating the Morelos proceedings and litigating the remand issues and the second fifty thousand dollars is payable to the Clerk of this court as a sanction for the fraud perpetrated by him in this forum. So long as this monetary sanction remains unpaid in the full amount of $100,000, Leonel Pereznieto is and shall be barred from providing any testimony against any Defendant in this cause in any United States court. Fur-

---

**2.** 28 U.S.C. § 1927 provides that any attorney who unreasonably and vexatiously multiplies the proceedings in any case may be required to pay the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. *See Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir.2005).

**3.** Kevin Dubose, another of Plaintiff's U.S. lawyers, was engaged by Roger Reed and Alberto Guerrero to assist only with the appeal of the adverse *forum non conveniens* ruling to the Seventh Circuit. In terms of the fraud on this court, we regard Dubose to be less culpable than his co-counsel because of his limited contact with the malfeasing Mexican lawyers. For this reason, we will not impose sanctions as to him.

ther, in terms of resolving the remaining cases in this multidistrict litigation, any and all sworn assertions reflecting the views or opinions of Leonel Pereznieto, whether made by him directly or indirectly, shall be stricken and we shall not consider as authority cases where his testimony whether oral or written was relied upon as justification for the court's opinion.

Finally, having considered the parties' briefings on the Defendants' Motion for Entry of Judgment, we conclude that Rule 58(d) of the Federal Rules of Civil Procedure requires the Court to set forth its judgment in this case in a separate document, which we shall do, but that our dismissal of this cause must be and therefore is without prejudice. IT IS SO ORDERED.